IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **PATRECE R. EDWARDS-BRADFORD,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**KELLOGG USA, LLC,** )<br>)<br>**Defendant.** ) | No. 2:19-cv-02877-MSN-atc |

**REPORT AND RECOMMENDATION OF DISMISSAL
FOR FAILURE TO COMPLY WITH COURT ORDERS AND
FOR FAILURE TO PROSECUTE**

Before the Court is Defendant Kellogg USA, LLC's Motion to Dismiss for Plaintiff's Failure to Comply with Court's Order Compelling Discovery (ECF No. 30) ("Motion to Dismiss"), filed August 14, 2020.[1] Plaintiff Patrece R. Edwards-Bradford failed to comply with District Judge Mark S. Norris's Order Granting Defendant's Motion to Compel Discovery (ECF No. 28) ("Order Compelling Discovery") and failed to respond to the Motion to Dismiss. Additionally, Plaintiff has failed to respond to this Court's Order to Show Cause (ECF No. 31) ("Show Cause Order"), entered October 30, 2020. For the reasons set forth below, this Court recommends that Plaintiff's claims against Defendant be dismissed with prejudice for failure to comply with court orders and for failure to prosecute, pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b).

---

[1] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

I.     **PROPOSED FINDINGS OF FACT**

In its Motion to Dismiss, Defendant states that it propounded its First Set of Interrogatories and Requests for Production of Documents ("Discovery Requests") on Plaintiff on March 24, 2020. On May 12, 2020, Defendant received Plaintiff's responses to the Discovery Requests. According to Defendant, "Plaintiff's answers and responses were severely and substantially deficient – Plaintiff wholly refused to respond to many of the requests and to the others, Plaintiff asserted various and bare objections, served incomplete responses, or simply failed to respond to some requests at all." (ECF No. 30-1, at 2.)

Counsel for Defendant attempted to resolve the issue with Plaintiff by letter dated June 3, 2020. In response, Plaintiff partially supplemented some of her responses, but, according to Defendant, "she failed to respond to others, and continued to assert inappropriate objections." (*Id.*) As a result, Defendant filed a Motion to Compel (ECF No. 27) on July 8, 2020. Plaintiff failed to respond to the Motion to Compel. Thereafter, on July 24, 2020, Judge Norris entered the Order Compelling Discovery, holding that Plaintiff's objections and responses to certain discovery requests were deficient and ordering Plaintiff "to submit full and complete responses to Defendant's Interrogatories 3, 4, 5, 9, 10, 12–16, and Production of Document Request Nos. 1, 2, 4, 11, 12, 15, 22, 23, 24, 29 and 31 within fourteen (14) days of the entry of this Order." (ECF No. 28, at 2.) Plaintiff was warned that, if she failed to respond to the Order in a timely manner, "the Court may impose sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2), which could include the dismissal of this action, without further notice." (*Id.*)

When Plaintiff failed to comply with the Order Compelling Discovery, Defendant filed its Motion to Dismiss pursuant to Rule 37(b)(2) on August 14, 2020. Plaintiff failed to respond to the Motion to Dismiss. As a result, on October 30, 2020, this Court entered its Show Cause Order, directing Plaintiff to respond to the Motion to Dismiss by November 13, 2020. In the Order, the Court held that Plaintiff was served with the Motion to Dismiss on August 14, 2020, and that Plaintiff failed to respond to the Motion. Accordingly, Plaintiff was ordered to show cause, on or before November 13, 2020, as to why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) and why the Motion to Dismiss should not be granted. Plaintiff was specifically warned that failure to respond to the Show Cause Order may result in her case being dismissed for failure to prosecute. Plaintiff failed to respond to the Show Cause Order.

## II.     PROPOSED CONCLUSIONS OF LAW

### A.     Plaintiff's Failure to Respond to the Discovery Requests, the Order Compelling Discovery, the Motion to Dismiss, and the Show Cause Order

The Federal Rules of Civil Procedure require a party to respond to interrogatories within thirty days of service, unless a shorter or longer time is ordered by the court or agreed to by stipulation. *See* Fed. R. Civ. P. 33(b)(2). The rule governing requests for production of documents mirrors the rule concerning interrogatories. *See* Fed. R. Civ. P. 34(b)(2)(A). The rules allow the party seeking discovery to file a motion to compel when the other party fails to respond to its discovery requests. *See* Fed. R. Civ. P. 37(a)(3)(B). "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Therefore, "[p]ro se litigants, like any other litigants, must comply with the Federal Rules of Civil Procedure." *Blackmond v. UT Med. Grp., Inc.*, No. 02-cv-2890-

3

SHM-dkv, 2003 WL 22385678, at *1 (W.D. Tenn. Sept. 17, 2003) (citation omitted). Because Plaintiff has failed to respond at all to a significant number of the Discovery Requests, the Motion to Compel, the Order Compelling Discovery, the Motion to Dismiss, and the Show Cause Order, this Court recommends that Plaintiff's claims against Defendant be dismissed with prejudice for failure to comply with court orders and for failure to prosecute, pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b).

### B. Dismissal under Rules 37(b)(2) and 41(b)

Rule 37(b)(2)(A) empowers the court to issue a number of sanctions in the event a party fails to obey a discovery order. Among such sanctions is dismissal of the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal may be imposed "only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154–55 (6th Cir. 1988) (citing *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985)).

Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

The Court's analysis under both Rule 37(b)(2) and Rule 41(b) are identical. *Id.* at 569–70. In determining whether to dismiss an action under Rule 37(b)(2) or Rule 41(b), courts consider four factors, none of which are dispositive standing alone:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

>   (4) whether less drastic sanctions were imposed or considered before dismissal
>   was ordered.

*Id.* (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008)). Dismissal under Rule 37(b)(2) or Rule 41(b) is warranted when there is a "clear record of delay or contumacious conduct by the plaintiff" and when the plaintiff "is inexcusably unprepared to prosecute the case." *Id.* at 570 (citations and internal quotation marks omitted). For the reasons below, dismissal of Plaintiff's claims against Defendant is the only appropriate sanction in this case.

### 1.     Willfulness, Bad Faith, or Fault

With respect to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31–32 (6th Cir. 2012) (holding that bad faith exists when a party delays or disrupts the litigation or hampers the enforcement of a court order) (citing *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)). Here, Plaintiff has failed to respond to a significant number of the Discovery Requests (served on March 24, 2020); the Motion to Compel (served on July 8, 2020); the Order Compelling Discovery (entered on July 24, 2020); the Motion to Dismiss (served on August 14, 2020); and the Show Cause Order (entered on October 30, 2020). Plaintiff's failure to cooperate in discovery and to comply with the Orders of this Court more than satisfies the first factor, which favors dismissal of Plaintiff's claims.

### 2.     Prejudice to the Defendant

Regarding the second factor, "[a] defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the

5

plaintiff] was legally obligated to provide.'" *Wright v. City of Germantown, Tenn.*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570). Defendant has been clearly prejudiced in that it has been unable to move forward in its trial preparation because of Plaintiff's refusal to cooperate in discovery and her failure to respond at all to the Motion to Compel, the Order Compelling Discovery, the Motion to Dismiss, and the Show Cause Order. The record shows that Defendant has attempted to complete discovery within the timeframe and parameters set by the Court, while Plaintiff has refused to cooperate, which led to Defendant's Motion to Compel, its Motion to Dismiss, and its Motion to Stay the Scheduling Order. (ECF Nos. 27, 30, 32.) Accordingly, Defendant has been prejudiced by Plaintiff's conduct, which supports dismissal of Plaintiff's claims.

### 3. Warnings Concerning Failure to Cooperate

With respect to the third factor, prior notice, or the lack thereof, is a key consideration in determining whether dismissal under Rule 41(b) is warranted. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Schs*, 138 F.3d 612, 615 (6th Cir. 1998)). In the Order Compelling Discovery, Judge Norris expressly warned Plaintiff that, if she failed to respond to that Order in a timely manner, "the Court may impose sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2), which could include the dismissal of this action, without further notice." (ECF No. 28, at 2.) The deadline for Plaintiff to comply with the Order Compelling Discovery was July 7, 2020, more than six months ago.

Then, this Court again warned Plaintiff in the Show Cause Order that failure to respond could lead to the granting of the Motion to Dismiss under Rule 37(b)(2) and/or the dismissal of her claims for failure to prosecute under Rule 41(b). The deadline for Plaintiff to respond to the Show Cause Order was November 13, 2020, more than two months ago. Plaintiff has failed to

6

comply with either Order, despite clear warnings about the risk of dismissal. As a result, the third factor favors dismissal of Plaintiff's claims.

### 4. Lesser Sanctions Would be Ineffective

The fourth factor does not require the Court "to incant a litany of the available lesser sanctions" before dismissing a case for failure to prosecute. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Rather, when the plaintiff's refusal to participate in discovery and to comply with court orders is contumacious, dismissal "as the first and only sanction" is clearly within the court's power. *Harmon*, 110 F. 3d at 368. Here, it appears to this Court that no alternative sanctions would be effective.

The Eastern District of Tennessee recently confronted similar facts in *Hartsfield v. United Parcel Serv., Inc.*, No. 4:18-cv-00069, 2020 WL 1539337, at *3 (E.D. Tenn. Mar. 2, 2020), *report and recommendation adopted*, No. 4:18-cv-69, 2020 WL 1529361 (E.D. Tenn. Mar. 30, 2020). When deciding if there was a realistic, lesser, and alternative sanction, the Court looked to guidance in Federal Rule of Civil Procedure 1, which provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." In *Hartsfield*, the Court determined that dismissal was the only appropriate remedy because "it [was] impossible for the Court to accomplish the laudable goal set forth in Rule 1 if Plaintiff refuses to respond to the opposing counsel's letters, emails, and phone calls; refuses to file written responses to motions; and refuses to appear in court when the Court notices him to do so." *Id.*

Based on Plaintiff's refusal to cooperate in discovery and her failure to respond at all to the Motion to Compel, the Order Compelling Discovery, the Motion to Dismiss, and the Show Cause Order, this Court recommends dismissal, rather than a lesser sanction, because it is clear

7

that Plaintiff has no intention of cooperating in the pretrial process or prosecuting this case. For these reasons, the fourth factor supports dismissal of Plaintiff's claims.

## III.   RECOMMENDATION

For the foregoing reasons, this Court recommends that Plaintiff's claims against Defendant be dismissed with prejudice for failure to comply with court orders and for failure to prosecute pursuant to Federal Rules of Civil Procedure 37(b) and 41(b).

Respectfully submitted this 15th day of January, 2021.

                                                 s/Annie T. Christoff
                                                 ANNIE T. CHRISTOFF
                                                 UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.