IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

───────────────────────────────────────────────────

PATRECE R. EDWARDS-BRADFORD,

    Plaintiff,

v.                                           Case No. 2:19-cv-02877-MSN-atc

KELLOGG USA, LLC,

    Defendant.

───────────────────────────────────────────────────

**ORDER ADOPTING REPORT AND RECOMMENDATION**

───────────────────────────────────────────────────

This cause comes before the Court on the Magistrate Judge's Report and Recommendation entered on January 15, 2021. (ECF No. 33.) The Report recommends that this matter be dismissed with prejudice due to lack of prosecution and for Plaintiff's failure to abide by prior court orders. (*Id.* at PageID 284–85.) Plaintiff attempted to file objections in the form of an email to the Clerk's Office.[1] For the reasons below, the Court **ADOPTS** the Report and Recommendation.

**Background**

Plaintiff filed this *pro se* matter alleging workplace discrimination on December 20, 2019.[2] (ECF No. 1.) Per usual practice, the parties attempted to engage in discovery. On July 8, 2020, Defendant Kellogg USA, LLC, filed its Motion to Compel Plaintiff's F.R.C.P. 26(a)(1)(A) disclosures, Answers to Interrogatories and Requests for Production of Documents. (ECF No. 27.) The undersigned granted Defendant's Motion on July 24, 2020. (ECF No. 28.) Plaintiff was

───────────────

    1. Plaintiff was informed that her objections must be in the form of a pleading, not an email to the Clerk's Office on January 29, 2021. She has failed to file anything on the record.

    2. Plaintiff later filed an Amended Complaint, (ECF No. 14), on February 12, 2020.

warned that failure "to comply with this order in a timely manner" may result in the Court "impos[ing] sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2), which could include the dismissal of this action, without further notice." (*Id.* at PageID 252.)  To date, it appears that Plaintiff has not produced the requisite discovery.  (ECF No. 33 at PageID 280.)

On August 14, 2020, Defendant filed its motion to dismiss.  (ECF No. 30.)  Defendant argues that this matter should be dismissed on the ground that Plaintiff has failed to abide by the Court's previous Order.  (*Id.* at PageID 253.)  Plaintiff did not respond to Defendant's Motion.

On October 30, 2020, the Magistrate Judge entered an Order directing Plaintiff to show cause as to why this matter should not be dismissed for failure to prosecute.  (ECF No. 31 at PageID 266.)  The Show Cause Order directed Plaintiff to file her response on or before November 13, 2020.  (*Id.*)  The Show Cause Order warned Plaintiff that "[f]ailure to respond to this Show Cause Order and to respond to the Motion may result in the Motion being granted and/or the dismissal of the action for failure to prosecute." (*Id.*)  Plaintiff did not respond to the Show Cause Order.

The Magistrate Judge issued the pending Report and Recommendation on January 15, 2021. (ECF No. 33.)  The Report recommends that this matter be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37(b) for failing to comply with the Court's Order and pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution.  (*Id.* at PageID 285.) Plaintiff had fourteen (14) days to file any objections to the Report.  Plaintiff emailed the Clerk's Office what appears to be her objections on January 29, 2021.  She was informed that her objections need to be in the form of a pleading entered into the record.  She has not done so.

## Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez*

3

*v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## Analysis

Plaintiff was instructed that any purported objections need to be filed as a pleading. She has not done so. Even so, the Court has reviewed Plaintiff's email sent to the Clerk's Office. After review, the Court agrees with the Report and Recommendation that this matter should be dismissed. Plaintiff has not adequately explained why she failed to comply with the Court's prior Order; nor has she produced any evidence that she has even attempted to comply. Further, her response does not to address her failure to respond to the Magistrate Judge's Show Cause Order. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.

## Conclusion

For the reasons stated, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety. This matter shall be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 1st day of March, 2021.

> *s/ Mark Norris*
> MARK S. NORRIS
> UNITED STATES DISTRICT JUDGE